NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JP MORGAN CHASE BANK NA, *Plaintiff/Appellee,*

*v.*

TINEE ANTOINITA CARRAKER, *Defendant/Appellant.*

No. 1 CA-CV 17-0587
FILED 4-26-2018

Appeal from the Superior Court in Maricopa County
No. CV2017-004996
The Honorable Kerstin G. LeMaire, Judge

**AFFIRMED IN PART AND VACATED IN PART**

COUNSEL

Tinee Antoinita Carraker, Buckeye
*Defendant/Appellant*

Dickinson Wright PLLC, Phoenix
By Michael J. Plati, Michael R. Scheurich, Holly Zoe
*Counsel for Plaintiff/Appellee*

**MEMORANDUM DECISION**

Presiding Judge Randall M. Howe delivered the decision of the Court, in which Judge Kenton D. Jones and Judge James B. Morse Jr. joined.

**H O W E**, Judge:

**¶1**　　　　Tinee Carraker appeals the trial court's entry of summary judgment in favor of JP Morgan Chase Bank NA ("Chase"), in which the court declared Carraker's UCC Form 1 Financing Statement ("UCC–1") void *ab initio*, permanently enjoined Carraker from attempting to dispose of Chase's assets, and awarded Chase $500 in damages under A.R.S. § 47–9527(A). For the following reasons, we affirm in part and vacate in part.

## FACTS AND PROCEDURAL HISTORY

**¶2**　　　　In May 2016, Carraker gave a "promissory note" to Chase's branch in Buckeye, Arizona. The note was payable by Carraker to Chase in the amount of $42 billion dollars. The note stated that Chase may collect $200 per month from Carraker or sell the note. She asserted that Chase had accepted her note by remaining silent or not returning it to her after 14 days had passed. Carraker claimed that through her delivery of the note to Chase, Chase became obligated to either accept the terms of the note or return the note to her. When Chase did neither, Carraker claimed that she was entitled to file a UCC–1 showing that she had a lien on Chase's assets.

**¶3**　　　　Thereafter, Carraker filed a UCC–1 in Washington asserting that she held a lien against Chase's assets for $3 trillion dollars. She then emailed Chase's executive office to notify it of her intent to dispose of Chase's assets to satisfy the lien. In response, Chase filed its "Verified Complaint" and "Application for Preliminary Injunction and Order to Show Cause" seeking to enjoin Carraker from attempting to sell Chase's assets. Chase further sought a declaration that Carraker's UCC–1 was void *ab initio* because Chase never authorized the filing under A.R.S. § 47–9509. The court issued an order to show cause and granted Chase a preliminary injunction after a hearing, finding that Chase would suffer irreparable harm if Carraker was allowed to proceed as she had threatened.

**¶4**　　　　During this time, Carraker filed numerous papers with titles such as, "Defendant Statement of Facts Court Should Know These Facts" and "Defendant See the Problem Soon You Will Too," but never filed an answer to Chase's complaint or asserted a counterclaim.[1] She then moved for summary judgment asking the court to find that Chase lost or destroyed her note, which made her lien and UCC–1 on Chase's assets valid. Chase

---

[1]　　　The court declared Carraker a vexatious litigant after she filed numerous papers and motions throughout the pendency of litigation that did not address the claims raised by Chase's complaint.

responded and cross-moved for summary judgment. Chase's Vice President of Operations provided an affidavit stating that Chase did not accept Carraker's note, did not owe Carraker money, and had no open agreements or deposit relationships with Carraker.

¶5        Thereafter, the court granted summary judgment in Chase's favor, declared Carraker's UCC–1 filing void *ab initio*, and permanently enjoined Carraker from attempting to dispose of Chase's assets. Regarding the UCC–1 filing, the court found that A.R.S. §§ 47–1101–10101 permitted the filing of a financing statement only where the debtor authorized the filing in an authenticated record or agreed to be bound by a security agreement. It further found that Chase and Carraker had no agreement and that she had no security interest in Chase's assets. Pertaining to the injunction, the court found that Chase had shown that (1) it had suffered an irreparable injury, (2) the remedies available at law were inadequate to compensate for that injury, (3) the balance of hardships favored Chase, and (4) a permanent injunction would serve the public interest. The court also awarded Chase $500 under A.R.S. § 47–9527(A).

¶6        Carraker appealed before the entry of final judgment. This Court stayed the appeal pending the trial court's entry of final judgment. The trial court then entered its "Final Judgment" and Carraker's appeal was reinstated.

## DISCUSSION

¶7        Carraker claims that the court erred by granting Chase summary judgment, thereby declaring her UCC–1 on Chase's assets void *ab initio* and permanently enjoining her from disposing of Chase's assets. Specifically, she argues that insufficient evidence supported the trial court's order. The grant or denial of summary judgment is reviewed de novo. *Jackson v. Nationwide Mut. Ins. Co.*, 228 Ariz. 197, 199 ¶ 8 (App. 2011). An order granting an injunction is reviewed for a clear abuse of discretion. *LaFaro v. Cahill*, 203 Ariz. 482, 485 ¶ 10 (App. 2002).

### 1. UCC–1 Void *Ab Initio*

¶8        Under Arizona's version of the Uniform Commercial Code, A.R.S. § 47–1101–10101, a person may file a financing statement only if the debtor authorizes the filing in an authenticated record or agrees to be bound by a security agreement. A.R.S. § 47–9509(A), (B). Here, Chase presented an affidavit from its Vice President of Operations stating that Chase had not entered into any agreements with Carraker. Carraker presented no authenticated record or other agreement showing that Chase had

3

authorized the UCC–1 filing, and her claim that Chase failed to return the note is legally insufficient to prove authorization. Thus, sufficient evidence supported the court's determination that Carraker had no security interest in Chase's assets and that the UCC–1 was void *ab initio*.[2]

### 2. Statutory Damages Award

**¶9** Under A.R.S. § 47–9527(A), a person who causes a record to be filed and "who knows or has reason to know that the record is unauthorized under § 47–9509" is liable to a debtor affected by the record. The person is liable "for the sum of at least five hundred dollars or for treble the actual damages caused by the record, whichever is more, and reasonable attorney fees and costs of the action, if the person . . . wilfully refuses to terminate or correct the record . . . ." A.R.S. § 47–9527(A). Here, Carraker did not present evidence that Chase authorized the UCC–1 or that they agreed to be bound by a security agreement. After Chase denied that it had accepted her note, Carraker then had reason to know that the UCC–1 was unauthorized, but did not retract it. As such, sufficient evidence supported the trial court's award of statutory damages to Chase.

### 3. Carraker's Additional Arguments on Appeal

**¶10** Carraker also claims that the trial court erred by not including facts in its order for summary judgment. The court, however, was not required to state findings when ruling on a Rule 56 motion. *See* Ariz. R. Civ. P. 52(a)(3). She further claims that the court (1) erred by not calling the "Buckeye Arizona Police Department, FDIC, Federal Reserve, OCC or the White House records department" to obtain more evidence and that (2) the Federal Reserve Act supported her assertion that Chase's loss or destruction of her note entitled her to assert a lien on Chase's assets and file the UCC–1. These arguments are insufficiently briefed and deemed waived. *See In re Aubuchon*, 233 Ariz. 62, 64 ¶ 6 (2013).

### 4. Attorneys' Fees and Costs on Appeal

**¶11** Chase requests attorneys' fees and costs incurred on appeal under A.R.S. §§ 12–341, –341.01(A), –342, 47–9527(A), and Arizona Rule of Civil Appellate Procedure ("ARCAP") 21. As this action arises out of purported contracts between Carraker and Chase, we award Chase its

---

[2] Because the court found that the UCC–1 was void *ab initio*, the permanent injunction preventing Carraker from enforcing the UCC–1 was unnecessary. Therefore, we vacate that portion of the court's summary judgment order.

reasonable attorneys' fees and costs under A.R.S. § 12–341.01(A) upon its compliance with ARCAP 21.

## CONCLUSION

**¶12** For the foregoing reasons, we affirm in part and vacate in part.



AMY M. WOOD • Clerk of the Court
FILED: AA